United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERTO CARLOS HERNANDEZ CALLEJAS,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:26-CV-00768** |
| **RANDY TATE,** *et al.*, | § § | |
| **Respondents.** | § § | |

## ORDER

Before the Court is Petitioner Roberto Carlos Hernandez Callejas' Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment or in the alternative, Motion to Dismiss (ECF No. 9). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.   BACKGROUND

The following facts are not in dispute. Petitioner is a citizen of El Salvador who entered the United States without inspection in 2013. ECF No. 1 at ¶ 35. He was apprehended at the border, found to have a credible fear of removal, and placed into Removal Proceedings before an Immigration Judge (IJ). *Id*. at ¶ 36. In October 2013, Petitioner was granted bond and released from custody upon a finding that he was neither a flight risk nor a danger to the community. *Id*. at ¶ 39; ECF No. 1, Exh. 2 (Release Order). Petitioner's removal proceedings remained pending for nearly ten years. ECF No. 1 at ¶ 40.

On January 26, 2023, the IJ denied Petitioner's application for Asylum and Withholding of Removal and ordered him removed to El Salvador. *Id*. Petitioner promptly appealed this decision to the Board of Immigration Appeals (BIA), and his appeal remains pending. *Id*.

Since his release from immigration custody over ten years ago, Petitioner has complied with all conditions of his release. *Id*. at ¶ 41. He has never missed an ICE check-in or an immigration court hearing. *Id*. He has no criminal record. *Id*. Petitioner is the father of a nine-year-old U.S. citizen son and a homeowner. *Id*. at ¶ 42. Nonetheless, Respondents re-detained Petitioner during a traffic stop on January 9, 2026. *Id*. at ¶ 44. Petitioner had a valid driver's license, which he presented to officers, and was not charged with a traffic violation. *Id*.

On January 28, 2026, Petitioner had a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). The IJ denied bond in an order that stated only, "flight risk." *See* ECF No. 1, Exh 6. The IJ provided no additional information in his written order about why Petitioner was found to be a flight risk or how Petitioner's circumstances had changed since he was released from custody in 2013.

The Court held a hearing on the Petitioner on February 20, 1016. At the hearing, Respondents were unable to provide any information as to the content or scope of the bond hearing, the factors considered by the IJ, or the evidence that suggested Petitioner was a flight risk. The Court ordered Respondents to produce the transcript of the bond hearing before the Immigration Judge and any other relevant documents within one week. *See* Minute Entry of February 20, 2026. On February 27, 2026, Respondents filed an advisory informing the Court that they had requested a transcript or recording of the bond hearing from the Executive Office for Immigration Review (EOIR), but that no such document or recording exists. ECF No. 18.

## II.    ANALYSIS

Petitioner argues that his re-detention after release on bond, without any showing of changed circumstances or a pre-detention hearing, violates his substantive and procedural due process rights under the Fifth Amendment. Respondents argue that, because Petitioner was later afforded a § 1226(a) bond hearing and was denied bond "on the merits," 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the IJ's discretionary bond decision. ECF No 9 at 3. Because the Court agrees with Petitioner that his re-detention violated his procedural due process rights, it declines to address his additional claims.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released without a pre-deprivation hearing or proof of changed individual circumstances violates the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al*., --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

Respondents do not substantively address Petitioner's due process argument regarding re-detention after previous release, but instead focus entirely on the fact that Petitioner received a bond hearing under § 1226(a) and was denied bond. There are two problems with this argument. First and most importantly, Petitioner does not challenge the sufficiency of his bond hearing, but rather raises a procedural due process violation that occurred when he was re-detained without a showing of changed circumstances. The fact that Petitioner was later afforded a bond hearing "is

no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025). The bond hearing thus did not cure this initial violation of Petitioner's due process rights.

Second, the record before this Court raises serious concerns about the constitutional sufficiency of Petitioner's IJ bond hearing. As far as this Court can discern, the IJ provided no basis whatsoever for his determination that Petitioner—who has lived in the United States for thirteen years without incident and has extensive family and community ties here—is a flight risk. In their briefing and at the hearing before this Court, Respondents were unable to provide any information about what evidence the IJ relied on or demonstrate that the IJ relied on evidence that Petitioner's circumstances had changed since his initial release in 2013. While it is undisputed that 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review an IJ's *discretionary* bond determination, Respondents acknowledge that the Court retains jurisdiction "to review a noncitizen's detention insofar as that detention presents constitutional issues," such as whether the bond hearing complied with the requirements of the Due Process Clause. ECF No 9 at 3. Here, it is impossible to tell whether the IJ in fact made a "discretionary" determination to deny bond based on individualized evidence. As relevant here, Respondents certainly have not shown that the bond hearing was sufficient to cure the violation of Petitioner's due process rights that occurred when he was re-detained without a showing of changed circumstances.

## III.    CONCLUSION

The Court therefore **ORDERS** as follows.

4 / 6

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary. The Court notes that the fact that Petitioner's applications for Asylum and Withholding of Removal were denied by an IJ in 2023 cannot, by itself, form the basis for a finding that Petitioner is now a flight risk when previously he was not, because Petitioner has appealed that order and has continued to attend his ICE check-ins and otherwise comply with all conditions of his release in the more than two years since that decision.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 3, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 16, 2026.**

    **IT IS SO ORDERED.**

5 / 6

Signed at Houston, Texas on March 31, 2026.

Keith P. Ellison
United States District Judge